UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ioseb Toloraia, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br>-v.-<br><br>United Collection Bureau, Inc.; and<br>LVNV Funding LLC<br><br><br>Defendant(s). | Civil Action No: 1:20-cv-6130<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Ioseb Toloraia brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants United Collection Bureau, Inc. ("UCB") and LVNV Funding LLC ("LVNV"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." Ramirez v. Apex Financial Management LLC, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. Crabill v. Trans Union, LLC, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:
    a. Defendants' collection communications (Exhibit A) were received by plaintiff within this District;
    b. Defendants does or transacts business within this District.

## PARTIES

9. Plaintiff is a resident of the State of New York, County of Kings.

10. Defendant UCB is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5620 Southwyck Blvd., Toledo, OH 43614 and can be served upon their registered agent, Corporation Service Company, 80 State Street, Albany, NY 12207.

11. Upon information and belief, Defendant UCB is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served upon its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

13. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTS

14. Defendants have been attempting to collect from plaintiff an alleged credit card debt, incurred (if at all) for personal, family or household purposes and not for business purposes.

15. On or about January 2, 2020, defendant UCB, acting on behalf of defendant LVNV, sent plaintiff the letter attached as Exhibit A.

16. Exhibit A is the first letter plaintiff received from defendant UCB regarding the alleged debt described therein.

17. Exhibit A is a form letter, filled out by computer in a standardized manner.

18. On information and belief, based on its contents, Exhibit A is a form intended for use as the first letter defendant UCB sends to a consumer regarding the debt described therein.

19. Exhibit A contains a breakdown of the balance as follows:

| | |
|---|---|
| The below is an itemized accounting of the debt as required by state statute. | |
| Original Creditor: | CITIBANK, N.A. |
| Total amount due as of charge-off: | $5588.76 |
| Total amount of interest accrued since charge-off: | $-106.84 |
| Total amount of non-interest charges accrued since charge off: | $0 |
| Total amount of non-interest fees accrued since charge off: | $0 |
| Total amount of payments made since charge-off: | $0.00 |

20. Defendant's breakdown inexplicably contains a negative amount for the total amount of interest 'accrued' since charge off, without any explanation as to how this amount can be a negative amount since the overall balance remains static once the original creditor has charged-off the account.

21. Plaintiff was not provided with a clear accounting of the balance owed as required by the FDCPA and was unable to evaluate how much the actual debt being collected is for or how it has changed.

22. In addition, Exhibit A does not explain whether the negative interest amount is continuing and if the balance would continue to decrease.

23. The language of Exhibit A is false and deceptive as Plaintiff is unable to determine if the current balance is static or if it would continue to decrease.

24. Plaintiff was apprehensive to exercise his statutory right to dispute the debt due to the confusing and misleading initial collection letter he received.

25. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

26. Plaintiff repeats the above allegations as if set forth here.

27. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

28. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. Defendants violated said section by:

   a) Making a false and misleading representation in violation of §1692e (10) by providing inaccurate amounts for the alleged debt;

   b) Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

30. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

31. Plaintiff repeats the above allegations as if set forth here.

32. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

33. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

34. Defendants violated this section by:

   a) unfairly inserting a negative interest amount without providing an explanation of the claimed change to the original amount of the debt;

   b) by adding interest amounts to the original amount of the debt that are not permitted by contract or law and that were in fact later removed.

35. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

36. Plaintiff repeats the above allegations as if set forth here.

37. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

38. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt; …

39. Defendants violated 15 U.S.C. §1692g (a)(1) by failing to clearly identify the amount of the debt.

40. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of the following class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

42. The class consists of (a) all individuals (b) with New York addresses, (c) to whom defendant UCB sent an initial letter in the form represented by Exhibit A (d) on behalf of defendant LVNV,

(e) where the amount listed for the debt as of the date of the letter does not equal the amount listed for the debt as of charge off and where the letter deceptively states a negative interest charge with no explanation, (f) which letter was sent any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

43. On information and belief, based on defendants'' size and the use of a form letter, the class is so numerous that joinder of all members is not practicable.

44. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

45. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

47. A class action is superior for the fair and efficient adjudication of this matter, in that:
    a. Individual actions are not economically feasible.
    b. Members of the class are likely to be unaware of their rights;
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for

      i. Statutory damages;
     ii. Actual damages;
    iii. Attorney's fees, litigation expenses and costs of suit;

      iv.    Such other and further relief as the Court deems proper.

Dated: December 17, 2020

                              Horowitz Law, PLLC

                              /s/ *Uri Horowitz*
                              By: Uri Horowitz
                              14441 70th Road
                              Flushing, NY 11367
                              Phone: (718) 705-8706
                              *Attorneys For Plaintiff*